UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HIS HIGHNESS BADR BIN SAUD BIN
SAAD AL SAUD,

    Plaintiff,

v.                                 Case No:   6:18-cv-1884-Orl-41TBS

PARKER BROTHERS CONCEPTS, INC.
and MAURICE PARKER,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. 11).

Plaintiff is suing to enforce a Settlement Agreement he claims to have made with Defendants (Doc. 1). Defendants have answered and interposed eight affirmative defenses (Doc. 8 at 2-3). Plaintiff contends that the defenses should be stricken because they are simply conclusions and denials of the averments in his complaint (Doc. 11 at 1).

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." Royal Palm Sav. Ass'n v. Pine Trace Corp., 716 F. Supp. 1416, 1420 (M.D. Fla. 1989) (quoting Fla. East Coast Ry. Co. v. Peters, 73 So. 151 (Fla. 1916)); Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999) ("An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence.").

When pleading affirmative defenses, a defendant should "state in short and plain terms its defenses to each claim asserted against it," FED. R. CIV. P. 8(b)(1)(A), and "affirmatively state any avoidance or affirmative defense." FED. R. CIV. P. 8(c). A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense. Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (citing In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988)).

District courts have the authority to "strike from a pleading an insufficient defense" FED. R. CIV. P. 12(f). "Affirmative defenses are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rule of Civil Procedure, which requires 'a short and plain statement' of the defense." Mid-Continent Casualty Co. v. Active Drywall S., Inc., 765 F. Supp. 2d 1360, 1361 (S.D. Fla. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). An affirmative defense is also subject to being stricken if: "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Blount v. Blue Cross and Blue Shield of Fla., Inc., No. 3:10-cv-1151-J-34MCR, 2011 WL 672450 (M.D. Fla. Feb. 17, 2011).

Motions to strike are generally disfavored and are often considered "time wasters." Somerset Pharm., Inc., v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla.1996). Striking an affirmative defense is a "drastic remedy to be resorted to only when required for the purposes of justice." Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla., 306 F.2d 862, 868 (5th Cir. 1962). Still, the district court has broad discretion to grant a motion to strike. Slone v. Judd, No. 8:09-cv-175-T-27TGW, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009).

For their first and second affirmative defenses Defendants allege:

> 1. Plaintiff's claims are barred for failing to state a claim upon
> which relief can be granted, because no contract was formed
> between the parties.
>
> 2. Plaintiff's claims are barred for failing to state a claim upon
> which relief can be granted, because the purported Settlement
> Agreement was not signed by Maurice Parker.

(Doc. 8 at 2). These are specific denials of Plaintiff's averments, not affirmative defenses. Consequently, although incorrectly identified as affirmative defenses, the motion to strike these paragraphs is **DENIED**.

Defendants' third affirmative defense alleges:

> 3. Plaintiff's claims are barred for failing to state a claim upon
> which relief can be granted, because the purported Settlement
> Agreement is the product of forgery.

(Id.). Under Florida law, which the Court applies in this diversity case,[1] forgery is an affirmative defense. ECP Station I LLC v. Chandy, No. 8:15-cv-2523-T-JSS, 2016 WL 3883028, at *3 (M.D. Fla. June 29, 2016) (citing Lipton v. Se. First Nat'l Bank, 343 So.2d 927, 927-28 (Fla. 3d DCA 1977)). Accordingly, Plaintiff's motion to strike Defendants' third affirmative defense is **DENIED**.

Defendants' remaining affirmative defenses are:

> 4. Plaintiff's claims are barred, in whole or in part, by the
> doctrine of unclean hands.
>
> 5. Plaintiff's claims are barred, in whole or in part, by the
> doctrine of unconscionability.
>
> 6. Plaintiff's claims are barred, in whole or in part, by the
> doctrine of set off.
>
> 7. Plaintiff's claims are barred, in whole or in part, by the
> doctrine of unjust enrichment.

---

[1] The procedural law of the forum state, in this case Florida, is applied. See Rosa and Raymond Parks Inst. v. Target Corp., 812 F.3d 824, 829 (11th Cir. 2016) ("[A] federal court sitting in diversity applies the substantive law of the state in which it sits.").

> 8. Plaintiff's claims are barred, in whole or in part, because any alleged contract, promise, or agreement was induced by fraud, duress, or undue influence.

(Doc. 8 at 2-3). These bare bones assertions are unhelpful boilerplate. See Systematic Home Staging, LLC v. MHM Prof'l Staging, LLC, Case No. 6:17-cv-1327-Orl-41TBS, 2017 WL 4681025, at *1 (M.D. Fla. Oct. 18, 2017) ("While affirmative defenses may not have to meet the Twombly/Iqbal standard, they must be more than boilerplate") (citing Smith v. City of New Smyrna Beach, No. 6:11-CV-1110-ORL-31, 2011 WL 6099547, at *1 (M.D. Fla. Dec. 7, 2011)). Accordingly, Defendants' affirmative defenses numbered four through eight are **STRICKEN**. Defendants have fourteen days to re-plead these defenses, if they can do so, consistent with FED. R. CIV. P. 11.

**DONE** and **ORDERED** in Orlando, Florida on January 22, 2019.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record